NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 5 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUREN AVAGYAN,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    14-73350

Agency No. A075-519-291

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Suren Avagyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.   We have jurisdiction under 8 U.S.C. § 1252.   We review

for abuse of discretion the BIA's denial of a motion to reopen.   *Najmabadi v.*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010).  We deny the petition for review.

The BIA did not abuse its discretion in denying Avagyan's motion to reopen as it was untimely and number-barred where he filed his motion more than ten years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Avagyan failed to establish his motion fell within a regulatory exception to the time and number limitations for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (explaining that the BIA can deny a motion to reopen based on changed country conditions for failure to establish prima facie eligibility for the relief sought).  Avagyan's contention that the BIA applied an incorrect legal standard is not supported.  Avagyan's contention that the BIA failed to consider his evidence is also not supported by the record.

**PETITION FOR REVIEW DENIED.**